IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CINTRON BEVERAGE GROUP, LLC, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 07-3043 |
| ROCCO DEPERSIA, | : | |
| Defendant/ Third Party Plaintiff, | : | |
| v. | : | |
| A. WESLEY WYATT | : | |
| Third Party Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **APRIL 14, 2008**

Presently before the Court are the Motions of Cintron Beverage Group, LLC ("Cintron") and A. Wesley Wyatt ("Wyatt") to strike the third-party Complaint filed by Rocco DePersia ("DePersia") against Wyatt. These Motions also seek to impose sanctions against DePersia and his attorneys, Weir & Partners, LLP, pursuant to Local Civil Rule 83.6.1 and 28 U.S.C. § 1927. Wyatt further requests that this Court, pursuant to 28 U.S.C. § 1651(a), enjoin DePersia from filing any further actions against him without leave of Court. For the reasons set forth below, the Motions will be denied.

**I.     BACKGROUND**

Cintron is a limited liability company that produces and distributes various beverages, one of which is an energy drink by the name of "Cintron." On July 25, 2007, Cintron filed a

Complaint in this Court seeking a declaration that DePersia has no ownership interest in Cintron and is entitled to no compensation or ownership in the company. On September 13, 2007, DePersia filed a Motion to Dismiss Cintron's Complaint for failure to join Wyatt as a necessary party. This Court denied the Motion to Dismiss by Order dated October 2, 2007.

On October 30, 2007, DePersia filed a third-party Complaint against Wyatt, asserting claims for breach of contract, quantum meruit, and unjust enrichment. In his Complaint, DePersia alleges that a contract existed between him and Wyatt, whereby the parties jointly agreed to manufacture and distribute the energy drink, Cintron. DePersia asserts that Wyatt agreed to share an ownership interest in the company, as well as profits from the sale of the energy drink with DePersia, in exchange for the use of DePersia's band's name and image and DePersia's efforts in marketing the business. On January 4, 2008, Wyatt and Cintron both filed Motions to strike the third-party Complaint and to impose sanctions upon DePersia and his attorneys. Wyatt's Motion also asks this Court to issue an injunction enjoining DePersia from filing any further actions against him without leave of court. We now address the issues raised by these Motions.

## II. DISCUSSION

### A. Dismissal of Third-Party Complaint

Cintron and Wyatt both contend that DePersia's third-party Complaint does not comport with Rule 14, and therefore, must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). Rule 14(a) reads: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). The Federal Rules allow "any party [to] move to strike the third-party claim, to sever it, or

to try it separately." Fed. R. Civ. P. 14(a)(4).  The decision of whether to allow a third-party complaint rests in the sound discretion of the court.  <u>Bike v. American Motors Corp.</u>, 101 F.R.D. 77, 78 (E.D. Pa. 1984).  "It is well-settled that Rule 14 should be liberally construed to accomplish its intended aim of 'accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.'"  <u>Monarch Life Ins. Co. v. Donahue</u>, 702 F. Supp. 1195, 1197 (E.D. Pa. 1989) (quoting <u>Smithkline Beckman Corp. v. Pennex Prod. Co., Inc.</u>, 103 F.R.D. 539, 541 (E.D. Pa. 1984)).  The purpose of Rule 14 is to avoid "circuity of action" and to try all related claims together in one action, in order to "save time and cost of reduplication of evidence."  <u>Sun Refining and Mktg. Co. v. Walker</u>, No. 86-4208, 1987 WL 13087, at *2 (E.D. Pa. June 25, 1987).  In deciding whether to allow a third-party Complaint, courts consider whether the third-party complaint would "introduce an unrelated controversy or unduly complicate the case at trial."  <u>FHF Partners v. KMA Fin. Group, LLC</u>, No. 05-5309, 2007 WL 710287, at * 2 (E.D. Pa. Mar. 5, 2007).

      Rule 14 allows third-party complaints where the third party would be secondarily liable to the defendant should the defendant be found liable to the plaintiff in the initial action.  Cintron and Wyatt assert that because Cintron's original action seeks a declaratory judgment that DePersia has no ownership interest in the company, Wyatt could not be found secondarily liable to DePersia if the Court finds for Cintron in the original declaratory judgment action.  The Court disagrees.  Cintron's case against DePersia arises from the same set of facts as DePersia's claim against Wyatt.  While factual similarity itself may not be enough to allow a third-party complaint, it cannot be said at this point in the litigation that there is no set of circumstances under which

Wyatt may be found secondarily liable to DePersia. See <u>Baltimore & Ohio R. Co. v. Central Ry. Serv., Inc.</u>, 636 F. Supp. 782, 786 (E.D. Pa. 1986). Furthermore, the witnesses and evidences relevant to DePersia's third-party claim are substantially identical to those between the original parties. Striking the third-party Complaint in this case would do nothing more than force DePersia to file a separate action against Wyatt, wherein the same evidence and witnesses would be presented. Such a result contradicts the very purpose of Rule 14. As such, the Court finds that the third-party Complaint against Wyatt is proper.

Cintron and Wyatt further assert that the third-party Complaint is outside the Court's supplemental jurisdiction. However, "it is widely recognized that supplemental jurisdiction exists over a properly brought third-party complaint." <u>Morris v. Lenihan</u>, 192 F.R.D. 484, 486-87 (E.D. Pa. 2000). The "cases on point almost all hold that defendant's claim against a third-party defendant is within the ancillary jurisdiction of the federal courts. Thus, it is well-settled that there need be no independent jurisdictional basis for such a claim if diversity of citizenship exists between the original parties." <u>Field v. Volkswagenwerk AG</u>, 626 F.2d 293, 299 (3d Cir. 1980). The original Complaint is properly before this Court under its diversity of citizenship jurisdiction. As noted above, the Court finds that the third-party Complaint was proper under Rule 14. Thus, the Court has supplemental jurisdiction over the third-party Complaint.[1]

### B. Imposition of Sanctions

Cintron and Wyatt ask this Court to impose sanctions against both Depersia and his

---

[1] Cintron and Wyatt also assert that the third-Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). However, with the exception of lack of supplemental jurisdiction, neither Cintron nor Wyatt advance any substantive argument as to this claim. As such, the Court declines to dismiss the third-party Complaint on these grounds.

attorneys, Weir & Partners, LLP, pursuant to local rule 83.6.1,[2] 28 U.S.C.§ 1927,[3] and the Court's inherent power to sanction.  "A finding of willful bad faith on the part of the offending lawyer is a prerequisite . . . [for imposing sanctions under 28 U.S.C. § 1927]."  In re Prudential Ins. Co., 278 F.3d 175, 181 (3d Cir. 2002).  Local Rule 83.6.1 tracks the language of Section 1927, but is somewhat broader in scope because it takes into consideration the Court's inherent power to sanction.  Local Rule of Civil Procedure 83.6.1 (Comment 2).  Nonetheless, the Third Circuit has explained that sanctions imposed pursuant to the Court's inherent power also require a finding of bad faith in most instances.  In re Prudential Ins. Co., 278 F.3d at 181.  The Court finds no bad faith on the part of DePersia or his attorneys.  Cintron and Wyatt assert that DePersia should be sanctioned because the third-party Complaint against Wyatt constitutes an "end-run" around this Court's previous Order, finding that Cintron's Complaint would not be dismissed for failure to join Wyatt as an indispensable party.  However, this Court previously found only that Wyatt was not an indispensable party.  No determination was made as to any claims DePersia may have against Wyatt.  Additionally, as discussed above, the Court finds that the third-party Complaint against Wyatt comports with Rule 14.  As such, sanctions are not appropriate in this case.

---

[2] Local Rule 83.6.1 reads: "(b) No attorney shall . . . present to the Court vexatious motions or vexatious opposition to motions . . . or shall otherwise so multiply the proceedings in a case as to increase unreasonably and vexatiously the costs thereof. (c) Any attorney who fails to comply with section (a) or (b) may be disciplined as the Court shall deem just."

[3] Section 1927 reads: "An attorney or other person admitted to conduct cases in any court of the United States or other Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

**C.     Injunctive Relief**

Finally, Wyatt asks this Court to issue an injunction, pursuant to 28 U.S.C. § 1651(a),[4] enjoining DePersia from filing any further actions, pleadings, motions or other court papers against Wyatt.  (Wyatt Mot. at 9-10.)  Section 1651 "gives district courts power, *inter alia*, to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated."  Matter of Packer Assoc., 884 F.2d 745, 747 (3d Cir. 1989).  Injunctions are "extreme remedies" that should be "narrowly tailored and sparingly used."  Id.  Courts may grant injunctive relief to protect against "abusive, groundless and vexatious litigation."  Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

In this case, the Court finds nothing that would warrant the imposition of sanctions against DePersia or his attorneys.  It has already been determined that DePersia's third-party Complaint against Wyatt was properly filed under the Federal Rules of Civil Procedure.  As such, nothing about its filing can be said to be "abusive, groundless or vexatious."  Thus, the Court will not issue an injunction in this matter.

An appropriate Order follows.

---

[4]The statute reads: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINTRON BEVERAGE GROUP, LLC, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 07-3043 |
| ROCCO DEPERSIA, | : |
| Defendant/ Third Party Plaintiff, | : |
| v. | : |
| A. WESLEY WYATT | : |
| Third Party Defendant. | : |

**ORDER**

**AND NOW**, this 14th day of April, 2008, upon consideration of the Motion to Strike Defendant's Third-Party Complaint And For Sanctions filed by Cintron Beverage Group, LLC (Doc. No. 14), the Motion to Strike Third-Party Complaint, For Sanctions, And For Injunctive Relief filed by A. Wesley Wyatt (Doc. No. 15), and the responses thereto, it is hereby **ORDERED** that the Motions are **DENIED**

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE