**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CINTRON BEVERAGE GROUP, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 07-3043 |
| | : | |
| ROCCO DEPERSIA, | : | |
| | : | |
| Defendant/ Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| A. WESLEY WYATT | : | |
| | : | |
| Third Party Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                   **APRIL 15, 2008**

Presently before the Court is Plaintiff Cintron Beverage Group's ("Cintron") Motion to Strike Defendant's Affirmative Defenses.  For the reasons set forth below, the Motion will be granted in part and denied in part.

**I.      BACKGROUND**

Cintron is a limited liability company that produces and distributes various beverages, one of which is an energy drink by the name of "Cintron."  On July 25, 2007, Cintron filed a Complaint in this Court seeking a declaration that Rocco DePersia ("DePersia") has no ownership interest in Cintron, and that he is not entitled to compensation or ownership in the company.  On September 13, 2007, DePersia filed a Motion to Dismiss Cintron's Complaint for failure to join A. Wesley Wyatt ("Wyatt") as a necessary party.  This Court denied the Motion to

Dismiss by Order dated October 2, 2007.  On October 16, 2007, DePersia filed an Answer with

Affirmative Defenses to Cintron's Complaint.  In his Answer, DePersia raised five affirmative

defenses: 1) plaintiff has failed to state claims upon which relief can be granted; 2) plaintiff's

claim is barred by the doctrine of laches, waiver and/ or estoppel; 3) plaintiff's claim is barred by

the doctrine of unclean hands; 4) plaintiff's claim is barred by the doctrine of failure of

consideration; and 5) plaintiff has failed to join all necessary and/or indispensable parties to this

action.  Cintron filed the present Motion to Strike DePersia's Affirmative Defenses on January 4,

2008.

## II.    DISCUSSION

Cintron moves to strike DePersia's affirmative defenses pursuant to Rule 12(f).  Under

Rule 12:

> The court may strike from a pleading an insufficient
> defense or any redundant, immaterial, impertinent,
> or scandalous matter.  The court may act:
>
> > (1) on its own; or
> >
> > (2) on motion made by a party either before
> > responding to the pleading or, if a response
> > is not allowed, within 20 days after being
> > served with the pleading.

Fed. R. Civ. P. 12(f).  District courts have "considerable discretion" in deciding a motion to

strike under Rule 12(f).  See River Road Devel. Corp. v. Carlson Corp., No. 89-7037, 1990 WL

69085, at *2 (E.D. Pa. May 23, 1990).  However, motions to strike are "not favored and usually

will be denied unless the allegations have no possible relation to the controversy and may cause

prejudice to one of the parties, or if the allegations confuse the issues." Id.; see also Tonka Corp.

v. Rose Art Indus., Inc., 836 F.Supp 200, 217 (D.N.J. 1993).  "Courts prefer not to grant a motion to strike 'unless it appears to a certainty that ... [the movant] would succeed despite any state of the facts which could be proved in support of the defense.'"  Greiff v. T.I.C. Enter., L.C.C., No. 03-882, 2004 WL 115553, at * 2 (D. Del. Jan. 9, 2004) (quoting Salcer v. Envicon Equities, Corp., 744 F.2d 935, 939 (2d Cir. 1984)).  Therefore, "'a court should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent'"  Tonka, 836 F.Supp at 217 (quoting Fed. Deposit Ins. Corp. v. White, 828 F.Supp. 304, 307 (D.N.J. 1993)).

Initially, the Court notes that DePersia concedes that defense four, relating to the doctrine of failure of consideration, is irrelevant and should be stricken; therefore, Cintron's Motion to Strike is granted with respect to affirmative defense number four.  As to the remaining defenses, DePersia first defends on grounds that Cintron's Motion is untimely.  Rule 12(f) provides that a party may move to strike within 20 days of being served with the pleading. Fed. R. Civ. P. 12(f).  Here, DePersia filed his Answer with Affirmative Defenses on October 16, 2007.  Cintron filed its Motion to Strike DePersia's affirmative defenses on January 4, 2008.  Thus, the Court agrees that Cintron's Motion is untimely.

Assuming arguendo that the Motion had been timely filed, this Court would deny the Motion on the merits, as none of the affirmative defenses is clearly insufficient.  DePersia's first affirmative defense is for failure to state a claim upon which relief can be granted.  The Federal Rules specifically permit an averment of failure to state a claim to be raised as an affirmative defense.  Greif, 2004 WL 115553, at *2.   Under Rule 12(b), "[a] defense of failure to state a claim upon which relief can be granted may be made in any pleading permitted or ordered under Rule 7(a)." Fed. R. Civ. P. 12(b).  Furthermore, it is well-settled that a party can set forth the

3

defense of failure to state a claim as an affirmative defense in the answer.  Greif, 2004 WL

115553, at *2.  At this stage of the litigation, it cannot be said that no set of facts could be proved

under which DePersia could succeed under this defense.  Therefore, the Motion to Strike should

be denied with respect to DePersia's first affirmative defense for failure to state a claim.

The second affirmative defense asserts the defense of laches, waiver and/or estoppel.  To

prevail on a defense of laches, a party must show: "(1) inexcusable delay in instituting suit, and

(2) prejudice resulting to the defendant from the delay."  Tonka, 836 F. Supp. at 219.  Here,

DePersia asserts that Cintron delayed filing its Complaint so that it could continue to utilize

DePersia's marketing concepts and intellectual property.  He further alleges that this delay caused

him to suffer greater damages.  While "bare bones conclusory allegations . . . must be stricken,"

Directv, Inc. v. Semulka, No. 04-769, 2006 WL 318823, at * 1 (W.D. Pa. Feb. 9, 2006), a

decision as to the applicability of the laches defense can only be made by a thorough examination

of the facts.  Tonka, 836 F. Supp. at 219.  As such, it usually requires the type of examination

which occurs with a full trial and should not be dismissed in pretrial motions.  Id.  Furthermore,

if DePersia is able to show that he changed his position in reliance on Cintron's alleged

misrepresentations, he could potentially have a defense under an estoppel theory.  Darlin v.

Consol. Rail Corp., 100 F. Supp. 2d 310, 313 (E.D. Pa. 2000); see also Int'l Union v. Skinner

Engine Co., 188 F.3d 130, 151 (3d Cir. 1999).  As such, this affirmative defense withstands a

Motion to Strike.

_____DePersia's third affirmative defense asserts that Cintron's claim is barred by the doctrine

of unclean hands.  For a defense of unclean hands, the defendant must demonstrate that "the

plaintiff's conduct is inequitable and that it involves the subject matter of the plaintiff's claim."

Merisant Co. v. McNeil Nutritionals, LLC, 515 F. Supp 2d 509, 530-31 (E.D. Pa. 2007).  The gist of DePersia's defense is that he is rightly entitled to an ownership interest and a share of the profits from Cintron, and that Cintron refuses to allow him access to these benefits to which he is rightly entitled.  If DePersia can prove such inequitable conduct on Cintron's part, the doctrine of unclean hands could provide a valid defense to the Complaint filed against him.  As such, the Motion to Strike should be denied as to the affirmative defense of unclean hands.

Finally, the fifth affirmative defense alleges a failure to join all necessary and/or indispensable parties.  Cintron seeks to dismiss this defense on the ground that it must refer to Wyatt, and therefore, must be striken pursuant to this Court's previous Order holding that Wyatt is not an indispensable party.  However, DePersia asserts that he has recently discovered other parties that are necessary to the underlying action and must be joined.  If this proves true, DePersia could have a viable defense for failure to join all necessary parties.  Furthermore, neither party will be prejudiced by allowing this defense to stand at this early stage of the proceedings.  Linker v. Custom-Bilt Mach. Inc., 594 F.Supp 894, 899 (E.D. Pa. 1984).  Therefore, the Motion to Strike should be dismissed as to this defense.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CINTRON BEVERAGE GROUP, LLC, | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : No. 07-3043 |
| | : |
| ROCCO DEPERSIA, | : |
| | : |
| Defendant/ Third Party Plaintiff, | : |
| | : |
| v. | : |
| | : |
| A. WESLEY WYATT | : |
| | : |
| Third Party Defendant. | : |

## <u>ORDER</u>

**AND NOW**, this   15th   day of April, 2008, upon consideration of the Motion to Strike

Defendant's Affirmative Defenses filed by Cintron Beverage Group, LLC (Doc. No. 16), and the

response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**  with respect to

affirmative defense number four and **DENIED** in all other respects.


BY THE COURT:


/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE